IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORBY D. BUSH,

        Plaintiff,        Case No. 3:12-cv-214

vs.        Judge Thomas M. Rose

CAROLYN W. COLVIN,        Chief Magistrate Judge Sharon L. Ovington
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING BUSH'S OBJECTIONS (Doc. #13) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #12) IN ITS ENTIRETY; AFFIRMING THAT BUSH IS NOT DISABLED IN ACCORDANCE WITH SOCIAL SECURITY REGULATIONS AND TERMINATING THIS CASE**

_____

Corby D. Bush ("Bush") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On August 2, 2013, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #12) recommending that the Commissioner's non-disability determination be affirmed. Bush subsequently filed Objections (doc. #13) and the Commissioner responded to Bush's Objections (doc. #14). This matter is, therefore, ripe for decision.

Bush sought financial assistance from the Social Security Administration by applying for Supplemental Security Income benefits in December of 2007. Bush claimed that he had been

disabled since May 1, 2003, due to degenerative disc disease, paranoid schizophrenia and a gun shot wound.

The Commissioner denied Bush's application initially and on reconsideration. Administrative Law Judge ("ALJ") Thomas R. McNichols ("McNichols") held hearings following which he determined that Bush was not disabled. The Appeals Council denied Bush's request for review and ALJ McNichols' decision became the Commissioner's final decision. Bush then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #12) and in Bush's Objections (doc. #13) and the Commissioner's Response (doc. #14), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Bush was not disabled..

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and*

*Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record contains substantial evidence to support the ALJ's decision. WHEREFORE, Bush's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge in its entirety. The Commissioner's non-disability finding is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Sixth Day of August, 2013.

.                                                             **s/Thomas M. Rose**

                                                            _____
                                                            JUDGE THOMAS M. ROSE
                                                            UNITED STATES DISTRICT COURT

Copies furnished to:

   Counsel of Record